# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

KIRSTEN L. CROOK,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 10-CV-571-FHM

## OPINION AND ORDER

Plaintiff, Kirsten L. Crook, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's June 30, 2008, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") David W. Engel was held July 22, 2010. By decision dated February 20, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 21, 2010. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 31 years old on the date of alleged onset of disability and 34 on the date of the denial decision. She has a bachelor of science degree and formerly worked as clerical office worker, exercise specialist, personal trainer, and as a sales representative for a pharmaceutical company. She claims to have been unable to work since February 1, 2007, as a result of acute intermittent porphyria, anorexia, and depression.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity to perform light work except she is unable to climb ropes, ladders, and scaffolds, and is unable to work in environments where she would be exposed to unprotected heights and dangerous moving machinery parts. She is able to understand, remember, and carry out simple to moderately detailed instructions in a work-related setting, and is able to interact with co-workers and supervisors under routine supervision. [Dkt. 12-2, p. 20]. The ALJ determined that with this residual functional capacity Plaintiff could return to her past relevant work as a sales clerk. *Id*. at 28. Based on the testimony of a vocational expert, the ALJ also determined

that there are a significant number of other jobs in the national economy that Plaintiff could perform with these limitations. *Id*. at 30. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled with an alternative step five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Contentions**

Plaintiff argues that the ALJ: (1) failed to properly consider the medical source opinions; (2) failed to perform a proper determination at steps 2 and 3 of the evaluation process; (3) propounded a faulty hypothetical question to the ALJ; and (4) made a faulty credibility determination.

## **Analysis**

The Court will address the errors raised in the order in which they appear in the sequential evaluation.

### Evaluation of Mental Impairments at Steps Two and Three

At step two the ALJ acknowledged that Plaintiff alleged depression and anorexia nervosa as mental conditions which limit her ability to perform work. The denial decision contains conflicting conclusions about these conditions. The ALJ stated that the claimant has severe impairments of anorexia and depression which the ALJ stated were established by the medical evidence and were "severe" within the meaning of the regulations. That statement is followed by a contrary finding that the anorexia and depression are "non-severe" impairments. [Dkt. 12-2, p. 19]. The Commissioner acknowledges the "facially inconsistent" findings but argues that the ALJ obviously found Plaintiff's anorexia and

depression were severe because limitations resulting from those conditions were included in the RFC. [Dkt. 18, pp. 6-7]. Essentially, the Commissioner argues that the inconsistent findings in the ALJ's decision were a harmless drafting error.

The inconsistent findings cannot be considered as harmless drafting errors because the ALJ committed numerous errors with regard to assessing Plaintiff's mental impairments. The ALJ did not follow the procedure for determining the severity of mental impairments at steps two and three, 20 C.F.R. §§ 404.1520a(e), 416.920a(e). The ALJ did not perform the required analysis of the mental demands of Plaintiff's past relevant work,[2] and provided no discussion about how Plaintiff's mental limitations were accommodated in the RFC determination.

When there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in the regulations and is required to document the application of the procedure, known as the psychiatric review technique (PRT), in the decision. 20 C.F.R. §§ 404.1520a(e), 416.920a(e), *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008)(discussing application of the psychiatric review technique by the ALJ), *Cruse v. United States Dep't of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995) (same). The procedure for evaluating alleged mental impairments requires the ALJ to consider the effect of the mental impairment on four broad areas of functioning: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation of extended duration.

---

[2] The ALJ found that Plaintiff is capable of performing her past relevant work as a sales clerk. [Dkt. 12-2, p. 28]. The ALJ stated he compared the physical and mental demands of her past relevant work to Plaintiff's RFC, but the decision contains no mention of the mental demands of that work. *Winfrey v Chater*, 92 F.3d 1017, 1024-25 (10th Cir. 1996)(explaining the required findings and related discussion for a valid step four finding).

*See* 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00 (C). These limitations are not an RFC assessment, rather they rate the severity of mental impairments at steps 2 and 3 of the evaluative sequence. The ALJ is required to document application of the technique in the decision, linking his conclusions to the evidence. 20 C.F.R. §§ 404.1520a(e), 416.920a(e). The failure to do so is error. *Carpenter*, 537 F3d at 1268 (10th Cir. 2008).

In this case, the ALJ acknowledged Plaintiff's claim that she was impaired by reason of her mental conditions [Dkt. 12-2, pp. 19, 21]. The ALJ also noted that evidence in the record reflected Plaintiff's treatment with antidepressants, assessment by Dr. Mitchell, treatment at Laureate Psychiatric Clinic, consultative psychiatric examination by Michael D. Morgan, Psy.D., and opinions by psychiatrist Dr. Godwin concerning limitations on Plaintiff's mental ability to perform work. [Dkt. 12-2, pp. 24, 26-27]. In addition, the ALJ commented that Plaintiff may not be able to physically or mentally return to her former work, "she is nevertheless, able to perform less stressful or demanding tasks." [Dkt. 12-2, p. 28]. However, the ALJ stated that Plaintiff's mental limitations were not severe and that she could perform less stressful work than her past work without documenting the application of the psychiatric review technique as required by the regulations. The failure to document the application of the technique in the face of evidence of extensive treatment for mental impairments and while making conclusions about Plaintiff's mental capacity to perform work is reversible error.

Consideration of Medical Source Opinions

The record contains a detailed report rendered on January 21, 2010, by a Doctor Hastings who performed an independent medical examination on Plaintiff in November 2009. [Dkt. 12-10, pp. 32-50]. The report contains an extensive summary of Plaintiff's

5

medical records and Dr. Hastings' opinion that Plaintiff is permanently unemployable. *Id*. at 50. The ALJ discussed Dr. Hastings' report and discounted his conclusions in part because his conclusions were based on opinions rendered by other doctors whose records were not available in the record. [Dkt. 12-2, p. 27]. The ALJ also noted that although Dr. Hastings reported he reviewed the medical records, Dr. Hastings' conclusions about what those records say does not comport with the ALJ's reading of those records. *Id*. Further, the ALJ stated that Dr. Hastings exceeded the scope of his expertise by offering an opinion as a vocational expert and by invading the province of the Commissioner on the issue of disability. *Id*. at 28.

Except for the fact that medical records reviewed by Dr. Hastings were absent from the record before the ALJ, the Court finds no error in the ALJ's treatment of Dr. Hastings' opinion. However, it appears that Dr. Hastings' opinion is based on a body of medical evidence not before the ALJ. In their briefs Plaintiff and the Commissioner trade jabs about whose responsibility it was to obtain the missing medical records.[3] Regardless of whose responsibility it was to obtain those records, since the case is being remanded an attempt to obtain the missing records should be made and their review included in the decision on remand.

<u>Hypothetical Question and Credibility</u>

The analysis of these issues may have been influenced by the ALJ's failure to perform the psychiatric review technique. On remand Plaintiff's credibility will be re-evaluated and the hypothetical question re-formatted, depending on the outcome of the

---

[3] The Court notes that even after receiving the unfavorable decision, Plaintiff did not submit the missing records to Appeals Council as permitted by the regulations. 20 C.F.R. § 404.970(b).

6

psychiatric review technique and the information contained in the additional medical records.

## Conclusion

Based on the foregoing analysis, the ALJ's decision must be REVERSED and the case REMANDED to the Commissioner for further proceedings in accordance with this opinion.

SO ORDERED this 28th day of October, 2011.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE